JAMES ALLEN ET AL. *v.* JAS. H. MOORE & WIFE ET AL.

**Deeds—Mental Capacity to Convey.**

The finding of a jury impaneled to inquire into the sanity of the grantor of land in the year 1869, that the grantor had sufficient mental capacity to execute the conveyance, is entitled to great weight in determining his mental condition in the year 1868.

APPEAL FROM SCOTT CIRCUIT COURT.

March 20, 1874.

OPINION BY JUDGE LINDSAY:

The theory of appellants is that Hearne's mind was so far enfeebled by old age and physical decay, as to render him incapable of transacting business in 1868, when he conveyed to Moore and wife. The finding of the jury impaneled to inquire into the condition of his mind is conclusive as to his sanity in 1869, and is entitled to great weight in determining as to its condition a year before. It is not pretended that he was subject to attacks of insanity, nor that his health was more feeble in 1868 than it was during the following year. It seems to us that it is impossible, without disregarding the finding of the jury, to adjudge that appellants have established their right to relief. But independent of the action of the jury, the testimony rather preponderates against the theory of appellants.

There is an absolute failure to establish the charge of undue influence.

Judgment affirmed.

*Darnaby, Robinson, for appellants.*

*Buckner, Payne & Hunt, for appellees.*